FILED
JUL 05 2016
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPH AMERICA, LLC,<br><br>                                    Plaintiff,<br>v.<br>HUAWEI TECHNOLOGIES, CO., et al.,<br>                                    Defendant. | Case No.: 13cv2323 CAB (KSC)<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>**Doc. No. 147** |

Before the Court is the parties' redacted Joint Motion for Determination of Discovery Disputes over the adequacy of defendant's response to plaintiff's Special Interrogatory Nos. 6, 15, and 16. [Doc. No. 147.] An unredacted version of the Joint Motion [Doc. No. 166] was lodged contemporaneously with plaintiff's Motion to File under Seal [Doc. No. 148.] The Court granted plaintiff's Motion to File under Seal on May 26, 2016. [Doc. No. 165.] For the reasons outlined below, the plaintiff's Joint Motion for Determination of Discovery Disputes is **DENIED**. [Doc. No. 147.]

## I. BACKGROUND

Plaintiff filed this suit against defendant alleging patent infringement on several of plaintiff's patents. [Doc. No. 1.] In their infringement contentions, plaintiff listed over 100 products by name that allegedly infringe plaintiff's patents. [Doc. No. 147 at p. 9.] Plaintiff also identified four categories of features or "industry standards" (WCDMA, CDMA2000,

802.1, and 802.11ac) that they contend utilize their patents. *Id.* In the instant Joint Motion, plaintiff seeks to compel defendant to identify all products produced or sold by defendant that utilize one or more of the four industry standards referenced by plaintiff.

## II. DISCUSSION

The scope of discovery under Rule 26(b) is broad: "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense and proportional to the needs of the case." Fed.R.Civ.P. 26(b). The Court must assess "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* The party resisting discovery generally bears the burden of showing that the discovery requested is irrelevant to the issues in the case or is overly broad, unduly burdensome, unreasonable, or oppressive. If the resisting party meets its burden, the burden shifts to the moving party to show the information is relevant and necessary. *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686 (S.D. Fla. 2010).

In addition to the Federal Rules of Civil Procedure and the Civil Local Rules, this case is also governed by the Patent Local Rules. Patent L.R. 1.3. "The overriding principle of the Patent Local Rules is that they are designed to make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *Mediatek, Inc. v. Freescale Semiconductor, Inc.*, No. 11-5341 YGR JSC, 2013 WL 588760, at *1 (N.D. Cal. Feb. 13, 2013) (denying motion to compel discovery into products that were not specifically identified as accused products under similar local patent rules). The Patent Local Rules require that the identification of each accused product "be as specific as possible" and "must be identified by name or model number, if known." Patent L.R. 3.1.b. The Patent Local Rules "place the burden of specifically identifying all accused devices on the plaintiff." *Infineon Technologies AG v. Volterra Semiconductor Corp.*, 2012 WL 6184394, at *3 (N.D.Cal. Dec.11, 2012). The Local Rules do not tolerate "broad categorical identification or the use of mere

representative examples." *Id. (internal quotation and citation omitted); see* [Doc. No. 173, at p. 3] (rejecting plaintiff's identification of infringing products based on the asserted WCDMA, CDMA2000, 802.1, and 802.11ac industry standards as vague.)

### III. PLAINTIFF'S SPECIAL INTERROGATORY NOS. 6, 15, and 16

Plaintiff's Special Interrogatory No. 6 demands that defendant "[i]dentify each version of the Accused Instrumentalities [defendant] made, used, offered to sell, or sold within the United States or imported into the United States, and include in your answer the release date (e.g., launch date) and the last-sold date (e.g., end-of-life date) for each version." [Doc. No. 147 at p. 2.][1] Plaintiff's Special Interrogatory No. 15 demands that defendant "identify any third party components (e.g., chip/chipset model) that provide the CDMA2000, WCDMA, 802.11n, and/or 802.11ac transceiver functionalities" separately for each of the Accused Instrumentalities. [Doc. No. 147 at p. 16.] Plaintiff's Special Interrogatory No. 16 demands that defendant "identify the units sold, revenues, gross profits, and net profits generated from sales of these products or services in the United States on a monthly basis (or quarterly if monthly does not exist, or annually if neither monthly nor quarterly exist, or any other time basis), the costs associated with making and selling each such product or service, and projected future sales in the United States" separately for each of the Accused Instrumentalities. [Doc. No. 147 at p. 18.]

In their response, defendant raises two primary objections: (1) the phrase "Accused Instrumentalities" is vague and ambiguous; and, (2) the interrogatories are overbroad as they seek discovery related to products not identified in plaintiff's infringement contentions. [Doc. No. 147.] Accordingly, defendant limited its response to the products specifically identified in plaintiff's original and amended infringement contentions. *Id.*

Plaintiff alleges that defendant's responses are inadequate for three main reasons. First, plaintiff alleges that defining "Accused Instrumentalities" based on products that

---

[1] Plaintiff's defines "Accused Instrumentalities" to include all listed products and all products that contained any one of the four listed industry standards. [Doc. No. 147, at pp. 3-4.]

3

contain one of the four listed industry standards is sufficiently narrow to require a full response. [Doc. No. 147 at p. 5.] Second, plaintiff alleges that the scope of discovery is much more broad and expansive than the specificity requirements of infringement contentions. *Id.* at 7-9. Third, plaintiff alleges the information sought is within defendant's control and easily produced. *Id.* at 4. Defendant counters that plaintiff's request improperly attempts to shift the burden of identifying accused products by permitting discovery into unidentified products when information regarding those products is publicly available. *Id.* at 9.

      The Patent Local Rules were designed to streamline discovery and "require parties to crystallize their theories early in the case to prevent 'the shifting sands' approach to claim construction." *Ameranth, Inc. v. Pizza Hut, Inc.*, No. 12CV1627 JLS NLS, 2013 WL 3894880, at *2 (S.D. Cal. July 26, 2013) (internal citation and quotation omitted). To achieve this goal, Patent Local Rule 3.1(b) requires the plaintiff to state each alleged infringing product the party is aware of with as much specificity as possible. Patent L.R. 3.1(b). The burden is therefore on the plaintiff to make a good faith pre-suit investigation to identify all infringing products and list them as specifically as possible. "To require [defendant] to produce voluminous discovery related to every product which [defendant] determines contains any particular feature eviscerates the goal of the Patent Local Rules to streamline discovery by requiring the party claiming infringement to identify with particularity how each accused product infringes the patents-in-suit." *Mediatek, Inc. v. Freescale Semiconductor, Inc.*, No. 11-5341 YGR JSC, 2013 WL 588760, at *2 (N.D. Cal. Feb. 13, 2013). Here, plaintiff seeks to use the Court to subsidize its pre-suit investigation by citing four industry standards or features that allegedly utilize plaintiff's patents and then demanding that defendant identify all products that utilize one or more of the standards, all without producing any evidence indicating why they were unable to locate the additional devices from publicly available information. [Doc. No. 147.]

      Plaintiff's reliance on *Epicrealm Licensing, LLC v. Autoflex Leasing, Inc.*, 2007 WL 2580969, at *3 (E.D. Tex. Aug. 27, 2007) is misplaced. *Id.* (holding that the scope of

relevant discovery includes products reasonably similar to any accused products). In *Epicrealm,* the Court relied on different Patent Local Rules and intra-district cases to reach its holding. *See Id.* (noting that the Patent Local Rules of the Northern District of Texas expressly directs that "the scope of discovery is not limited to the preliminary infringement contentions or preliminary invalidity contentions but is governed by the Federal Rules of Civil Procedure.") The Patent Local Rules for the Southern District of California do not contain such a provision.

Under plaintiff's theory, a party would be able to allege only one infringing product and then use the discovery process and power of the Court to compel production of information to determine all other "reasonably similar" infringing products without demonstrating any efforts undertaken to obtain such information from publicly available sources. Such a view would frustrate the very purpose behind the Patent Local Rules. Indeed, the cases cited by plaintiff, where discovery beyond the devices named in the infringement contentions was allowed, did so only because the required information was not publicly available and the moving party had no other way to access the information. *See Infineon Techs. AG v. Volterra Semiconductor*, No. C-11-06239 MMC (DMR), 2013 WL 5366131, at *1 (N.D. Cal. July 31, 2013) (noting that plaintiff could amend the infringement contentions *only if plaintiff* "could demonstrate that it could not have identified the newly named products absent discovery when it served its initial infringement contentions"); *see Honeywell Int'l Inc. v. Acer Am. Corp.*, 655 F. Supp. 2d 650, 656 (E.D. Tex. 2009) ("[f]or purposes of this motion, Honeywell has shown that the information it seeks is not publicly available"); *see MacLean-Fogg Co. v. Eaton Corp.*, No. 2:07-CV-472, 2008 WL 4601476, at *2 (E.D. Tex. Oct. 6, 2008) (finding that plaintiff had "no choice but to rely on the discovery process to obtain a full assembly and otherwise learn about the [product].") While this Court does not require a "herculean effort" when it comes to such a showing, here, plaintiffs have produced ***no evidence*** demonstrating the inability to identify defendant's other similar infringing devices, if any, from publically available information.

## IV. CONCLUSION

For the reasons stated above, plaintiff's Joint Motion for Determination of Discovery Dispute is denied. [Doc. No. 147.]

**IT IS SO ORDERED.**

Dated: July 5, 2016

Hon. Karen S. Crawford
United States Magistrate Judge